MALBIN BROS. CO. v. McBRIDE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8352. Decided June 18, 1928.

First Publication of This Opinion.

'Syllabus by Editorial Staff.

TAXES.

(560 C) Action at law by county treasurer for recovery of taxes, does not entitle defendant to allege as grounds of defense fact which affects amount of tax or validity of same, resort not having been had to Board of Revision and State Tax Commission for review of action of County Auditor in adding to return made by such defendant.

Error to Common Pleas.

Judgment affirmed.

Morganstern & Morganstern, Cleveland, for Malbin Bros.

E. C. Stanton and Donald Kennedy, Cleveland, for McBride.

STATEMENT OF FACTS.

This cause is here on error from the Court of Common Pleas of Cuyahoga County, and the action is based upon the right of the County Treasurer of Cuyahoga County, to collect personal taxes standing charged against the person, on the Duplicate, under Section 5697 General Code, and the issue arises upon the contention of the plaintiff in error, The Malbin Brothers Company, that inasmuch as the County Treasurer sued in an action of law for the recovery of the taxes, that it is entitled thereby to allege as grounds of defense any fact which affects the amount of the tax or the validity of the same, without having resorted to the Board of Revision and the State Tax Commission for a review of the action of the County Auditor in adding, as in the instant case, the sum of 50,000.00 to the return made by the plaintiff in error.

It appears from the record that the plaintiff, the County Treasurer, proceeded to establish its right to recover the amount of the taxes, to-wit, $2554.74 inclusive of penalty, under the provisions of Section 5697 of the General Code.

The record shows that as a basis for recovery, the County Treasurer introduced the delinquent tax duplicate containing the charge of taxes assessed against the plaintiff in error, and otherwise proceeded under the section above noted. Upon the resting of the case by plaintiff below, the defendant offered evidence to contradict the validity of the assessment and the amount of the tax, but did not in any wise attempt or offer to contradict the assessment and charges made by the Auditor and which appears upon the tax duplicate offered in evidence.

Objection was made to this class of evidence, on the ground that under the provisions of the statute, a taxpayer aggrieved must resort for his redress to the Board of Revision and finally, if necessary, to the State Tax Commission, and it appearing that no attempt had been made to seek redress of the alleged grievance in this respect, the court below rejected all evidence of the plaintiff in error bearing upon the right of the Auditor to make the assessment, and the amount and validity thereof as appears by the tax duplicate, and this attitude of the court was based upon the provisions of Section 5697 General Code, and also the other provisions of the statute which require application to the Board of Revision or the State Tax Commission.

Under the authority of **Helmers v. Mc-Carthy, 6 App. 423,** and other authorities in Ohio of a similar nature, the court directed a verdict.

SULLIVAN, PJ.

We do not see how the court could have done otherwise, because if the contention of the plaintiff in error is correct that he had a right

to offer a defense because the Treasurer sued in law under Section 5697 GC., then it would follow that the statute relating to appeals to the Board of Revision and the State Tax Commission would be of no avail or effect.

These statutes are not rendered ineffectual simply because the Treasurer proceeded under Section 5697 GC.

It is our unanimous judgment that the court below was bound under the statutes and the authorities of law, to adjudicate as it did.

It is obvious that the court below was right in refusing to entertain evidence bearing upon the amount or validity of the assessment, in the face of the record known as the tax duplicate.

Public policy makes such a situation necessary and that is the reason why the Legislature has provided three methods for the aggrieved taxpayer to find redress, and if these are not sufficient, then the doors of the courts are wide open under the rules of proper procedure, to hear and determine the controversies that arise relative to the amount and validity of taxes assessed against property. (Vickery and Levine, JJ., concur.)